# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

LARRY PARSONS,

                Plaintiff,

v.                                                  CIVIL ACTION NO. 2:17-cv-03588

THE SCOTTS COMPANY LLC, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Amended Motion to Remand.[1] (ECF No. 7.) For the reasons herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.

### I. BACKGROUND

This case arises out of an injury Plaintiff allegedly suffered when he picked up a bag of topsoil manufactured by Defendant The Scotts Company LLC ("Scotts"). (ECF No. 8 at 1.) The alleged injury occurred at Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") store in Ripley, West Virginia. (*Id.*) Plaintiff is a resident of West Virginia, (ECF No. 1-1 at 1 ¶ 1), Scotts is a corporation existing under the laws of Ohio,[2] (*id.* ¶ 2; ECF No. 3 at 2), and Wal-Mart is a

---

[1] Plaintiff originally filed a Motion to Remand that mistakenly asked the Court to remand the case to the Circuit Court of Jackson County. (ECF No. 5.) That motion is **DENIED AS MOOT** in light of Plaintiff's subsequently filed amended motion, which correctly moves for remand to the Circuit Court of Kanawha County.

[2] The Court notes that neither the pleadings nor the Notice of Removal indicates where Scotts maintains its principal place of business.

corporation existing under the laws of Delaware with its principal place of business in Arkansas, (ECF No. 1 at 3; ECF No. 1-1 at 1 ¶ 3; ECF No. 3 at 2).

The Complaint filed in state court and attached to Defendants' Notice of Removal alleges that on June 4, 2015, Plaintiff was a customer at Wal-Mart's Ripley store and "was picking up a bag of Scotts Premium Topsoil . . . at which time there was a razor blade embedded in the sealed bag that lacerated the Plaintiff's forearm." (ECF No. 1-1 at 2 ¶¶ 6–7.) Plaintiff alleges that he "incurred significant expenses for medical and hospital treatment and services for the treatment of his injuries," and will require future care and treatment "due to the permanent and lasting effects of his injuries." (*Id.* ¶¶ 9–10.) The Complaint asserts three counts, including claims of negligence and strict liability against Scotts and a negligence claim against Wal-Mart. (*Id.* at 2–4 ¶¶ 5–26.) Plaintiff requests relief in the forms of compensatory damages, attorney fees and costs, and other relief deemed appropriate. (*Id.* at 5.)

Plaintiff filed his Complaint in the Circuit Court of Kanawha County, West Virginia, on June 5, 2017. (ECF No. 1-1 at 1.) Defendants removed the case to this Court on July 11, 2017. (ECF No. 1.) In the Notice of Removal, Defendants assert that the sole basis for this Court's subject-matter jurisdiction over this case is diversity pursuant to 28 U.S.C. § 1332. (*See id.* at 2.)

Plaintiff filed the current Amended Motion to Remand on July 19, 2017, in which he asserts that this Court lacks subject-matter jurisdiction over the matter because the amount in controversy is below the $75,000 requirement for diversity jurisdiction. (*See* ECF No. 8 at 2–4.) Plaintiff also moves for an award of attorneys' fees, costs, and expenses. (*Id.* at 4.) Defendants filed their joint response to Plaintiff's motion on July 31, 2017, (ECF No. 9), and Plaintiff replied on August 7, 2017, (ECF No. 10). The motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)).

The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564,

3

567 (9th Cir. 1992)). "This test is framed alternatively as a requirement that a defendant demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Id.* (citation omitted). "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000." *Judy v. JK Harris & Co.*, No. 2:10–cv–01276, 2011 WL 4499316, at *3 (S.D. W. Va. Sept. 27, 2011) (citation omitted). The defendant must supply evidence regarding the amount at issue. *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001). "In so doing, he may rely upon the entirety of the facts and circumstances comprising the plaintiff's damages claim." *Judy*, 147 F. Supp. 2d at 489 (citation omitted).

In evaluating a party's claim to federal jurisdiction, a court should look to the circumstances as they existed at the time the notice of removal was filed. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." (citation omitted)). In particular, where the plaintiff's monetary demand is not specified in the complaint, "[t]he value of the matter in controversy . . . is determined by considering the judgment that would be entered if plaintiff prevailed on the merits." *Landmark Corp.*, 945 F. Supp. at 936–37 (citation omitted). In calculating the amount in controversy, a court may consider the entire record and make an independent evaluation of whether the amount in controversy is satisfied. *See Grubb v. Jos. A. Bank Clothiers, Inc.*, No. 2:05-0056, 2005 WL 1378721, at *5 (S.D. W. Va. June 2, 2005) (citation omitted).

## III. DISCUSSION

The sole dispute between the parties as to this motion is whether the Court has diversity jurisdiction over this matter. (*See* ECF No. 8 at 2–3; ECF No. 9 at 2–3.) Defendants argue—and Plaintiff does not contest—that there is complete diversity between the parties. (*See* ECF No. 1 at 3; *see generally* ECF No. 8.) Rather, the parties dispute whether the amount in controversy exceeds $75,000. (ECF No. 8 at 2–4; ECF No. 9 at 2–3.)

Plaintiff does not specify an amount for the damages that he seeks in the Complaint. (*See generally* ECF No. 1-1.) Defendants recognize this in their Notice of Removal, but they assert that "Plaintiff essentially admits that a jury verdict could exceed $75,000 as Plaintiff has asserted that he 'has incurred significant expenses for medical and hospital treatment and services for the treatment of his injuries.'" (ECF No. 1 at 2–3 (citing ECF No. 1-1 at 2 ¶ 9).) Further, Defendants suggest that Plaintiff's claims for future medical care and treatment in addition to the other requested damages imply that the cause of action is worth more than $75,000. (*See id.*)

In Plaintiff's memorandum in support of his motion, he claims that Defendants did not carry their burden in establishing diversity jurisdiction because they "did not set forth any factual basis to establish by a preponderance of the evidence that the amount in controversy had been met." (ECF No. 8 at 3.) Plaintiff attached to his motion an index of his medical specials resulting from the accident, and it shows a grand total of $2,686.85. (ECF No. 7-1.) After acknowledging that he is not entitled to damages for lost wages or future earning capacity due to a preexisting disability, Plaintiff points out that to reach the jurisdictional threshold "his pain and suffering and other general damages would have to total more than $72,313.15 . . . ." (ECF No. 8 at 4.)

Plaintiff asserts the unlikeliness of this possibility because it "would require an award of general damages in an amount 27 times the amount of [his] medical specials." (*Id.*)

Defendants argue that because Plaintiff "did not provide a definitive amount for his medical services received to date" prior to removal, the Court should consider what Defendants knew at the time of removal in determining whether they have met their burden of proving that the jurisdictional amount in controversy is met. (*See* ECF No. 9 at 1–2.) Further, they argue that in addition to the $2,686.85 amount provided by Plaintiff, he is also seeking damages for future medical care and treatment. (*Id.* at 2.) Defendants provide that "[t]aken in toto, [sic] Plaintiff's past, future and current injuries . . . support Defendant's [sic] contention that the amount in controversy requirement for removal has been clearly established." (*Id.*)

The Court finds that Defendants have not met their burden of establishing that the amount sought by Plaintiff is in excess of $75,000. First, this Court's task is to assess the circumstances as they existed upon removal. *See Dennison*, 549 F.3d at 943. Defendants argue that this is synonymous with evaluating "the facts as they were known to these Defendants prior to the filing" of the remand motion. (ECF No. 9.) As such, Defendants imply that because they did not know that Plaintiff's medical specials amounted to only $2,686.85 at the time the Notice of Removal was filed, the Court should not consider that figure. (*See id.* at 1–2.) However, where a determination of Plaintiff's actual damages cannot be made on the face of the Complaint, this Court may consider summary-judgment-type evidence submitted by the parties. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (recognizing that "a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal" (emphasis in original)); *see also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326,

6

1336 (5th Cir. 1995). Because the Complaint does not enumerate the actual damages suffered by Plaintiff, the Court may properly consider the index of medical specials attached to Plaintiff's motion.³

Further, the Court finds unavailing Defendants' argument that Plaintiff's request for future medical care and treatment, in addition to "a plethora of damages," supports a finding that the jurisdictional requirement is met. (*See* ECF No. 9 at 2.) Again, the burden is on Defendants to establish that Plaintiff seeks over $75,000, and Defendants provide no supporting evidence or explanation as to how Plaintiff's total of $2,686.85 in medical specials somehow balloons to an overall claim eclipsing $75,000. Defendants' conclusory statements in support of their position, including the assertion that they "are faced with uncertain treatment options which run the gamut from scar revision surgery to nerve-related interventions," (*see id.*), are unsupported by evidence or case law. Ultimately, "[i]f the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof." *See Scaralto v. Ferrel*, 826 F. Supp. 2d 960, 968 (S.D. W. Va. 2011). Given that Plaintiff here is not seeking lost wages, lost future earnings, or punitive damages, the Court finds that a reasonable plaintiff would not claim more than $75,000 in this case, and, therefore, Defendants have failed to show that the amount in controversy is greater than the jurisdictional requirement. Accordingly, the Court **GRANTS IN PART** the motion insofar as it seeks remand back to state court.

Plaintiff's motion also requests fees and costs incurred in filing the current motion. (*See* ECF No. 8 at 4.) Pursuant to 28 U.S.C. § 1447(c), the Court may upon remanding the case order Defendants to pay Plaintiff's costs and expenses, including attorneys' fees, incurred as a result of

---

³ The Court notes that Defendants do not dispute the accuracy or validity of the monetary figures provided by Plaintiff.

the removal. Given that Defendants were unaware of Plaintiff's medical specials prior to filing its Notice of Removal, the Court finds that Defendants acted in good faith in filing their Notice of Removal. Consequently, the Court **DENIES IN PART** the motion insofar as it requests fees and costs.

## IV. CONCLUSION

For the reasons above, the Court finds that it does not have diversity jurisdiction over this matter as the amount in controversy does not exceed $75,000. However, the Court does not find that an order regarding fees and costs is appropriate. As such, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Amended Motion to Remand, (ECF No. 7), and hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 20, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE